ON RETURN TO REMAND
MONTIEL, Judge.
On June 28, 1991, this court remanded this cause to the circuit court for an eviden-tiary hearing to determine whether the appellant’s statements were voluntary, pursuant to the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). 584So.2d556. During the suppression hearing, the state presented evidence that the appellant’s statements were voluntarily, knowingly, and intelligently made. However, the appellant was not allowed to present the testimony of a psychiatrist, Dr. James Hooper, at this hearing. The appellant wanted Dr. Hooper to testify as to his ability to knowingly and intelligently waive his rights. We held that the trial court erred in not allowing Dr. Hooper to testify at the suppression hearing, and we remanded the case for an evi-dentiary hearing.
On remand, the trial court held an evi-dentiary hearing, at which Dr. Hooper testified. Following the hearing, the trial court again found that the appellant’s statements were voluntarily, knowingly, and intelligently made, and he issued the following findings of fact:
“1. The alleged incident occurred on June 28, 1989.
“2. The Defendant Heard’s statements (confessions) were made about 9:00 p.m. C.D.T. and on the afternoon of the next day, June 29, 1989.
“3. The first time Dr. Hooper, Chief Psychiatrist at Bryce and Taylor Hardin Secure Medical Facility, saw the Defendant [was] some thirteen (13) months after the incident.
“4. Dr. Hooper based his findings and conclusions on what Defendant Heard told him and other factual information and records furnished him.
“5. Dr. Hooper did not question or discuss with Defendant Heard the taking of his statements or the facts surrounding the giving of the statements.
“6. Dr. Hooper concluded that the Defendant didn’t believe he had done anything wrong or criminal and that he assumed that the Defendant was delusional at the time [the] statements were made on both days.
“7. Dr. Hooper stated that Defendant could have been or probably was oriented as to place and time when [the] statements were made.
“8. The officer who took the statements stated that the Defendant was calm and acknowledged his rights and made one statement about 9:00 P.M. C.D.T. and made another statement the next afternoon.
*253 “9. Defendant was picked up and taken back to the scene minutes after the incident and identified by the victim. Defendant then ran from the police car and [was] taken into custody a second time when officers fired warning shots.” (R. 26-27.)
A review of the transcript of the eviden-tiary hearing fully supports the trial judge’s findings of fact and his conclusion that the appellant’s statements were voluntarily, knowingly, and intelligently made in accordance with the mandates of Miranda.
The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.